UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SVEN E. SAMPSON,

               Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

              Defendant.

CASE NO. C17-5359-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Sven E. Sampson proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962.[1] He has a college degree and a master's degree in business administration, with additional training as a pharmacy technician, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

non-commissioned officer in the U.S. Air Force and a pharmacy technician. (AR 257-58, 269, 437.)

Plaintiff applied for DIB in December 2012. (AR 243-44.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 155-57, 159-60, 164-65.)

On December 9, 2013, ALJ Joanne Dantonio held a hearing, taking testimony from Plaintiff, Plaintiff's wife, a medical expert (ME), and a vocational expert (VE). (AR 34-75.) On March 14, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 12-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 13, 2014 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the Commissioner's decision and remanded for further administrative proceedings. (AR 885-95.) The ALJ held another hearing on September 21, 2016, taking testimony from Plaintiff, Plaintiff's wife, and a VE. (AR 809-49.) On January 13, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 786-803.) Plaintiff now seeks judicial review of the Commissioner's decision.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity during the adjudicated period, from April 25, 2012, through June 30, 2012 (the date last insured (DLI)). (AR 789.) At step two, it must be determined whether

a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's traumatic brain injury, cognitive disorder, depression, post-traumatic stress disorder (PTSD), anxiety, personality disorder, attention deficit hyperactivity disorder, status-post lumbosacral fusion, and percutaneous discectomies with back and neck pain were severe. (AR 789-92.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that through the DLI, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 792-93.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional exceptions: he should never climb ladders, ropes, or scaffolds, and never bend or stoop. He can have no more than frequent exposure to hazards, such as unprotected heights and dangerous machinery. He can perform simple, routine tasks "that are considered low stress work in a low-stress environment with no fast-paced production demands." (AR 794.) He can have occasionally contact with co-workers, but no teamwork. He can have occasional contact with supervisors, but no contact with the public. With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 799-800.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including assembler – electrical accessories, printed circuit board pre-assembler, and mail clerk. (AR 800-02.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) applying *res judicata* to prior final administrative decisions; (2) discounting his own subjective testimony; (3) discounting his wife's statements; and (4) assessing certain medical evidence and opinions.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### *Res judicata*

Plaintiff previously filed DIB applications that were denied by ALJ decisions in 2009 and 2012, and Plaintiff did not appeal those decisions. (AR 786.) Those decisions were therefore administratively final, and the earliest Plaintiff could have been found disabled under the current decision was April 25, 2012, the day after the most recent prior decision became administratively final. (AR 786-87.) In the current decision, the ALJ explained that because Plaintiff had changed age categories since his last administratively final ALJ decision, he had overcome the presumption of continuing non-disability. (AR 787.)

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 11 at 17-18. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

Plaintiff argues that the ALJ erred in failing to address all of the evidence in the record, specifically opinions written years before the beginning of the adjudicated period, due to a misapplication of the *res judicata* doctrine. Dkt. 11 at 4-5. Plaintiff does not directly explain how or why this purported error is connected to the doctrine of *res judicata*; instead, it appears, as noted by the Commissioner, that the ALJ did not address evidence that predates the adjudicated period because that evidence is not relevant to the ALJ's determination of whether Plaintiff was disabled during that period. *See* Dkt. 12 at 2-3.

In his reply brief, Plaintiff again fails to identify how *res judicata* is implicated in the ALJ's assessment of the evidence. He contends that opinions, written in 2007 and 2010, are relevant to a determination of whether he was disabled after April 25, 2012, because they were written during a time that he was not working, was alleging disability, and had been found 90% disabled by the U.S. Department of Veterans Affairs (VA). Dkt. 13 at 2. This argument fails to account for the fact that the opinions were written during a time period in which Plaintiff was found to be not disabled in administratively final decisions, years before the period adjudicated in the current decision. Lacking a connection to the period adjudicated by the ALJ in the current decision, the 2007 and 2010 opinions do not constitute significant, probative evidence pertaining to whether Plaintiff is disabled after April 25, 2012. As such, the ALJ did not err in failing to discuss those opinions. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"); *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Furthermore, overcoming the presumption of continuing non-disability does not mean that previous administratively final decisions have no *res judicata* effect. Instead, ALJs are instructed

to give "some res judicata consideration" to prior ALJ "findings concerning the claimant's [RFC], education, and work experience[.]" *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988). Previous administratively final ALJ decisions addressed the 2007 and 2010 opinions, in assessing Plaintiff's RFC. (*See* AR 91, 111.) Consistent with *Chavez*, the ALJ in this case did not err in focusing on the new and material evidence pertaining to the current adjudicated period, rather than revisiting findings pertaining to the evidence assessed with respect to previously adjudicated periods. *See* 844 F.2d at 694; *Alekseyevets v. Colvin*, 524 Fed. Appx. 341 (9th Cir. May 2, 2013) ("Although the first ALJ's RFC findings are entitled to 'some res judicata consideration', the *Chavez* presumption does not prohibit a subsequent ALJ from considering new medical information and making an updated RFC determination." (quoting *Chavez*, 844 F.2d at 694)).

For all of these reasons, Plaintiff has not shown that the ALJ erred in applying the doctrine of *res judicata* in the current decision.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective symptom testimony because (1) the objective medical evidence does not support Plaintiff's allegations, and shows that his conditions did not worsen but improved since the 2012 ALJ decision; (2) Plaintiff seldom reported the symptoms he now claims are disabling, during the adjudicated period; and (3) Plaintiff engaged in activities that are inconsistent with his alleged limitations. (AR 795-97.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the first reason cannot solely support the ALJ's findings, but this was not the only reason cited by the ALJ. Dkt. 11 at 9. And although Plaintiff likens this case to *Brown-Hunter v. Colvin*, claiming that the ALJ merely summarized medical evidence that supports

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

the RFC determination but did not explain how the evidence undermines Plaintiff's testimony, in this case the ALJ explained how the cited medical evidence contradicted Plaintiff's allegations of worsening symptoms since the period previously adjudicated by the ALJ. Dkt. 11 at 9 (citing 806 F.3d 487, 489 (9th Cir. 2015)); AR 796. These findings are sufficiently specific to support the ALJ's findings regarding Plaintiff's subjective testimony.

Plaintiff argues that the ALJ erred in comparing the evidence related to the current adjudicated period to the evidence pertaining to the earlier periods during which Plaintiff had been found not disabled, because this approach is inconsistent with the ALJ's finding that *res judicata* did not apply and the presumption of continuing non-disability had been rebutted. Dkt. 11 at 10. Plaintiff is incorrect, however, because a finding that the presumption has been rebutted does not preclude an ALJ from comparing the evidence from an earlier adjudicated period with the evidence pertaining to the current adjudicated period: in fact, an ALJ is instructed to consider whether the evidence pertaining to the current period constitutes "new and material evidence" related to *inter alia* the RFC assessment included in the prior ALJ decision. *See, e.g.*, *Johnson v. Astrue*, 358 Fed. Appx. 791, 792-93 (9th Cir. Nov. 18, 2009) ("The second ALJ's task was to determine whether Johnson's current circumstances were different from those found by the first ALJ."); Program Operations Manual System (POMS) DI 52755.001 at C.2 ("When the presumption of continuing nondisability is rebutted, the adjudicator will adopt such a finding from the final ALJ or [Appeals Council] decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."). Thus, the ALJ did not err in comparing Plaintiff's functioning during the current period with his functioning during earlier periods when he was found to be not disabled.

Next, the ALJ noted how Plaintiff testified at the 2013 and 2016 hearings that he had been experiencing constant back pain either as long as he could remember, or at least since 2004, but in either event this testimony was inconsistent with Plaintiff's ability to work (through 2006) and engage in physical activities during at least some of that time. (AR 797.) The ALJ highlighted that Plaintiff seldom reported back pain during the adjudicated period, and reported that he recently installed flooring and started BMX racing after his DLI, "suggesting he continued to be in good condition throughout the period in question." (*Id.*) The ALJ also noted that at the time of the 2016 administrative hearing, Plaintiff was enrolled in automotive classes, which indicated "some capacity to work" and the type of work he was training to perform exceeded the RFC assessment. (*Id.*)

Plaintiff argues that the ALJ erred in singling out certain normal examination findings and strenuous activities, because it is not clear how often he engaged in those activities and they did not occur during the adjudicated period. Dkt. 11 at 10-11. But the ALJ contrasted those activities with Plaintiff's hearing testimony that his back pain had been constant for years, such that even if he engaged in strenuous activities after his DLI, those activities nonetheless were inconsistent with his hearing testimony. (AR 797 (referencing AR 62 ("My back is always in pain . . . [a]nd it's been that way since I can remember. And it hasn't improved at all"), 816 (testimony that his back issues continued since 2004).) The ALJ reasonably found that Plaintiff's self-reported activities were inconsistent with the symptoms he described at the administrating hearings, and did not err in discounting his testimony on that basis. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Furthermore, the ALJ did not err in citing normal examination findings and a failure to

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

report back pain symptoms as inconsistent with Plaintiff's allegations, because an ALJ properly considers the extent to which a claimant's testimony is consistent with the medical record. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that medical evidence is "a relevant factor in determining the severity of the claimant's pain and its disabling effects").

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective testimony, the ALJ's findings in this regard are affirmed.

Lay statements

Plaintiff's wife, Kiyomi Sampson, testified at the 2013 and 2016 hearings and also completed a written third-party function report. (AR 67-70, 287-94, 835-39.) The ALJ found that Ms. Sampson's testimony was inconsistent with the medical evidence discussed earlier in the decision. (AR 799.) The ALJ also noted that Ms. Sampson testified that Plaintiff's pain requires him to lie down 2-3 times per day, and that he cannot complete his household chores due to pain. (*Id.*) The ALJ found this testimony to be inconsistent with Plaintiff's ability to install flooring and race a BMX bike after his alleged onset date. (*Id.*) The ALJ also found Ms. Sampson's testimony regarding Plaintiff's social abilities to be inconsistent with the medical evidence and Plaintiff's own description of his abilities. (*Id.*) Plaintiff argues that the ALJ's reasons to discount Ms. Sampson's statements were not sufficiently germane to Ms. Sampson, as required in the Ninth Circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

Specifically, Plaintiff argues that the ALJ erred in finding Ms. Sampson's statements inconsistent with medical evidence, because the ALJ erroneously interpreted the medical evidence. Dkt. 11 at 16. For the reasons explained *infra*, the Court disagrees, and finds that inconsistency

with the medical evidence is a germane reason to discount Ms. Sampson's statements. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

Furthermore, although Plaintiff argues that the ALJ erred in finding that Ms. Sampson's testimony was inconsistent with his activities because he participated in those activities after his DLI, the ALJ nonetheless identified an inconsistency within Ms. Sampson's testimony, because she indicated that Plaintiff's pain had remained constant since 2012. (*See, e.g.*, AR 837.) Thus, even if the activities cited by the ALJ occurred after the DLI, they were still inconsistent with Ms. Sampson's testimony about the extent and duration of Plaintiff's limitations. This is a germane reason to discount Ms. Sampson's testimony. *See Carmickle*, 533 F.3d at 1164.

To the extent that the ALJ's remaining reasoning lacks specificity, because it is not clear how Ms. Sampson's testimony regarding Plaintiff's social abilities is inconsistent with the medical evidence or Plaintiff's own testimony, any error is harmless in light of the ALJ's other valid reasons to discount Ms. Sampson's statements.

Plaintiff goes on to mention a letter written by Deborah Casey, Ph.D., regarding his disciplinary probation for violation of Green River College's sexual harassment policy. Dkt. 11 at 16-17 (referencing AR 1033-34). Plaintiff argues that despite the ALJ's assertion that the RFC assessment accounted for any social limitations indicated by this letter (AR 797), the RFC assessment does not fully account for the limitations that led to Plaintiff's disciplinary probation. Dkt. 11 at 17. Even if this argument is credited, it fails to acknowledge that the ALJ provided two other reasons to discount Ms. Casey's letter, namely that the letter described an incident that occurred in 2016, years after the DLI, and thus this incident does not pertain to whether Plaintiff was disabled in 2012. (AR 797.) The ALJ also noted that Ms. Casey's letter does not describe

any functional limitations, and therefore has little probative value. (*Id.*) These are germane reasons to discount Ms. Casey's letter, and therefore Plaintiff has failed to identify a harmful error in the ALJ's assessment of Ms. Casey's letter.

### Medical evidence

Plaintiff specifically challenges four of the ALJ's findings with regard to the medical evidence. First, Plaintiff argues that the ALJ erred in failing to indicate what level of weight she assigned to the February 2013 opinion of examining psychologist Maria Holsman-Casey, Ph.D. Second, Plaintiff argues that the ALJ erred in discounting his VA disability rating. Third, Plaintiff argues that the ALJ erred in giving "significant weight" to the opinion of non-examining ME Herbert Tanenhaus, M.D., who testified at the 2013 administrative hearing. Last, Plaintiff argues that the ALJ erred in giving significant weight to the opinions of the State agency consultants, because they appeared to misapply the doctrine of *res judicata* by comparing Plaintiff's RFC assessment for prior periods with his functioning during the current period.

### Legal standards

In general, an ALJ must provide reasons to discount a medical opinion if that opinion conflicts with the RFC assessment. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

An ALJ must ordinarily give "great weight" to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). However, a VA rating is not conclusive. *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011). "Because the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record."

*McCartey*, 298 F.3d at 1076.

Dr. Holsman-Casey

Plaintiff is correct that the ALJ decision does not explicitly assign any particular weight to Dr. Holsman-Casey's opinion (AR 735-65). The entirety of the ALJ's decision suggests that the ALJ credited Dr. Holsman-Casey's opinion, given that she discounted the VA rating as inconsistent with Dr. Holsman-Casey's opinion. (AR 799.) Plaintiff has not identified any specific inconsistency between Dr. Holsman-Casey's opinion and the RFC assessment, which suggests that the ALJ did not err in failing to explain why she rejected Dr. Holsman-Casey's opinion. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

In his reply brief, Plaintiff conclusorily asserts that the ALJ's RFC assessment is not entirely consistent with Dr. Holsman-Casey's opinion, but again fails to identify any specific inconsistency. Dkt. 13 at 3. Dr. Holsman-Casey's opinion describes some limitations, but does not necessarily describe those limitations in terms contrary to the ALJ's RFC assessment. (AR 764-65.) Accordingly, Plaintiff has not met his burden to show that the ALJ erred in failing to provide reasons to reject Dr. Holsman-Casey's opinion, because her opinion can be reasonably found to be consistent with the ALJ's RFC assessment.

VA disability rating

The ALJ summarized an August 2013 VA disability rating decision, found to be effective as of May 2012, rating Plaintiff 70 percent disabled due to anxiety, 30 percent disabled due to

headaches[3], and 10 percent disabled due to vertigo. (AR 799 (citing AR 324-42).) Plaintiff challenges the ALJ's findings with respect to anxiety and headaches.

The ALJ found that the VA rating as to anxiety was inconsistent with Dr. Holsman-Casey's opinion, which found that Plaintiff did not meet the diagnostic criteria for PTSD as of January 2013 (AR 760) and that Plaintiff's functional limitations were mild and/or would not preclude social interaction (AR 764-65). Although Plaintiff posits that Dr. Holsman-Casey's opinion is "actually reasonably consistent" with the VA rating, he has not shown that the ALJ's finding of inconsistency is not reasonable, given that Dr. Holsman-Casey did not explicitly describe any disabling limitations. Dkt. 13 at 4. Accordingly, because Plaintiff has not shown that the ALJ's interpretation of Dr. Holsman-Casey's opinion *vis a vis* the VA disability rating is unreasonable, Plaintiff has not met his burden to show harmful error in the ALJ's decision. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld."). The ALJ provided a persuasive, specific, valid reason to discount the portion of the VA disability rating addressing anxiety.

The ALJ also found that the VA's decision with respect to Plaintiff's headaches was inconsistent with examination findings describing his headaches as "occasional and having no work impact[.]" (AR 799 (citing AR 588, 614).) Plaintiff cites other medical evidence showing that his headaches have no impact on his ability to work, which does not undermine the ALJ's finding that the 30% disability rating was inconsistent with the medical evidence. Dkt. 11 at 6

---

[3] The VA disability decision refers to "headaches" and the ALJ referred to this portion of the decision as addressing "migraines." (*Compare* AR 328 *with* AR 799.) Plaintiff suggests that this discrepancy amounts to error, but does not explain the harm caused by referring to "headaches" as "migraines." Dkt. 11 at 6.

1  (citing AR 600-01, 604). The ALJ provided a persuasive, specific, valid reason to discount the
2  portion of the VA disability rating addressing headaches. Thus, Plaintiff has not identified an error
3  in the ALJ's finding with respect to the VA rating for headaches.

Dr. Tanenhaus

Plaintiff argues that the ALJ erred in giving "too much weight" to the opinion of Dr. Tanenhaus, the ME who testified at the 2013 administrative hearing. Plaintiff notes that the ALJ stated that Dr. Tanenhaus had the opportunity to listen to Plaintiff's hearing testimony, but in reality Dr. Tanenhaus testified before Plaintiff did and did not stay on the phone to hear Plaintiff's testimony. Dkt. 11 at 7 (citing AR 40-41, 57). This misstatement did not result in any prejudice to Plaintiff, however, and thus does not constitute a harmful error. The ALJ provided multiple reasons to credit Dr. Tanenhaus's testimony, none of which are connected to whether he heard Plaintiff's hearing testimony. (AR 798.) The ALJ noted that Dr. Tanenhaus had the opportunity to review all of Plaintiff's mental impairments, and that his opinion was consistent with prior ALJ decisions as well as the evidence post-dating the DLI, showing that Plaintiff's condition improved over time. (*Id*.) The ALJ also found that Dr. Tanenhaus's opinion was consistent with Dr. Holsman-Casey's opinion, as well as Plaintiff's social activities and activities of daily living. (*Id*.)

Plaintiff contends that Dr. Tanenhaus's testimony was unsupported in various aspects. Dkt. 11 at 7-8. These arguments do not establish error in the ALJ's decision, however, because he has not shown that Dr. Tanenhaus's testimony is inconsistent with all of the medical evidence in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))). Plaintiff's alternative interpretation of the medical evidence is not sufficient to establish that the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 14

ALJ erred in weighing Dr. Tanenhaus's testimony.

State agency consultants

Plaintiff argues that the ALJ erred in crediting the State agency consultants' opinions, because they erroneously applied the *res judicata* doctrine to focus on whether Plaintiff's condition has worsened since the last ALJ decision, rather than conducting an independent analysis of the entire record. Dkt. 11 at 8. But, as discussed above, *res judicata* does not preclude a comparison of Plaintiff's RFC during a prior adjudicated period and the current period. *See, e.g.*, *Johnson*, 358 Fed. Appx. at 792-93; POMS DI 52755.001 at C.2; Hearings, Appeals and Litigation Law Manual (HALLEX) I-5-4-60, *available at* https://www.ssa.gov/OP_Home/hallex/I-05/I-5-4-60.html ("If the claimant does rebut the presumption of continuing nondisability, the [*Chavez v. Bowen*] court found that the principles of *res judicata* also require the ALJ to adopt the findings from the prior decision, required under the sequential evaluation process, unless there is new and material evidence relating to such findings."). A determination of whether evidence is new and material implies a comparison between the evidence pertaining to the currently adjudicated period, and the prior period. *See* HALLEX I-5-4-60.

Furthermore, as noted by the Commissioner, the ALJ considered the entire record and also found that Plaintiff's condition had not worsened since the prior administratively final decision and had actually improved. (AR 797-98.) Accordingly, Plaintiff has not identified a harmful error in the ALJ's assessment of the State agency opinions.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 15

DATED this 13th day of February, 2018.

      Mary Alice Theiler
      United States Magistrate Judge